1  Katherine R. Boyd (SB# 143192)
   kboyd@curtislegalgroup.com
2  CURTIS LEGAL GROUP
   A Professional Law Corporation
3  1300 K Street, Second Floor (95354)
   Post Office Box 3030
4  Modesto, CA 95353
   Telephone: (209) 521-1800
5  Facsimile: (209) 572-3501

6  Attorneys for Defendants
   County of Stanislaus, Gordon Ford (named herein as Stanislaus County Office of the
7  Treasure Tax Collector Department Head Mr. Ford), and County CEO Risk
   Management Division

8

9              **UNITED STATES DISTRICT COURT**

10           **FOR THE EASTERN DISTRICT OF CALIFORNIA**

11  LOVEADA FRESQUEZ,                    Case No.

12                  PLAINTIFF,
                                         **NOTICE OF REMOVAL OF ACTION**
13  V.                                   **UNDER 28 U.S.C. § 1441(a)**
                                         **(FEDERAL QUESTION)**
14  COUNTY OF STANISLAUS,
    STANISLAUS COUNTY OFFICE OF THE
15  TREASURE TAX COLLECTOR
    DEPARTMENT HEAD MR. FORD, And of
16  the county CEO Risk Management
    Division and DOES 1 through 25,
17  inclusive,

18
                    DEFENDANTS.
19  _____/

20      TO THE CLERK OF THE ABOVE-ENTITLED COURT:

21      PLEASE TAKE NOTICE THAT defendants County of Stanislaus, Gordon Ford

22  (named herein as Stanislaus County Office of the Treasure Tax Collector Department

23  Head Mr. Ford) and the County CEO Risk Management Division remove to this Court

24  the state court action described below.

25      1.      On October 24, 2013 an action was commenced in the Superior Court of

26  the State of California in and for the County of Stanislaus, entitled Loveada Fresquez,

27  Plaintiff, vs. County of Stanislaus, Stanislaus County Office of the Treasure Tax

28  Collector Department Head Mr. Ford And of the county CEO Risk Management Division

---

1 and Does 1 through 25, inclusive, Defendants, as case number 2003861, a copy of the

2 complaint is attached hereto as Exhibit "A."

3       2.     This action is a civil action of which this Court has original jurisdiction

4 under 28 U.S.C. §1331, and is one which may be removed to this Court by defendants

5 pursuant to the provisions of 28 U.S.C. §1441(a). Plaintiff's first cause of action alleges

6 that her claims for discrimination and harassment arise under federal law, the

7 Americans with Disabilities Act ("ADA") (42 U.S.C. §12101 et seq.) and the Family

8 Medical Leave Act ("FMLA") (29 U.S.C. §2601 et seq.). Plaintiff also alleges that she

9 filed administrative claims with two federal agencies, the Department of Labor, Wage

10 and Hour Division and the Equal Employment Opportunity Commission. In her second,

11 third and fourth causes of action, Plaintiff specifically cites FMLA in support of her

12 claims.  In the subheading of her second cause of action, the Plaintiff cites the ADA.

13       3.     The first date upon which any defendant received a copy of said

14 complaint was October 25, 2013 when defendant County of Stanislaus was served with

15 a copy of said complaint and a summons from the said state court. A copy of the

16 summons is attached hereto as Exhibit "B."

17       4.     Also served with the summons and complaint was a Notice of Case

18 Management Conference, a copy of which is attached hereto as Exhibit "C" pursuant to

19 28 U.S.C. § 1446(a).

20       5.     No other defendants have been served with a summons and complaint in

21 this action; therefore, no other defendants have joined in this Notice of Removal.

22

23 Dated: November 22, 2013                    CURTIS LEGAL GROUP,
                                              A Professional Law Corporation
24

25

26 By: _____
                                              KATHERINE R. BOYD
27                                            Attorneys for DEFENDANTS
                                              County of Stanislaus, Gordon Ford and
28                                            County CEO Risk Management Division

---

**NOTICE OF REMOVAL OF ACTION UNDER U.S.C. § 1441(a)**                    2

# EXHIBIT A

LEZLY D. CROWELL (SBN: 176312)
LAW OFFICES OF LEZLY D. CROWELL
1271 WASHINGTON AVE.   # 804
SAN LEANDRO, CA. 94577
Phone:   510-529-6318 or
209-895-4175

Attorney for Plaintiff, LOVEADA FRESQUEZ

FILED

13 OCT 24  AM 9: 32

CLERK OF THE SUPERIOR COURT
COUNTY OF STANISLAUS

ERIN BARNETT   DEPUTY

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF STANISLAUS-UNLIMITED JURISDICTION

| | |
|---|---|
| LOVEADA FRESQUEZ, an individual, | ) Case. No. 2 0 0 3 8 6 1 — |
| | ) |
| Plaintiff, | ) UNLIMITED JURISDICTION |
| | ) |
| vs. | ) COMPLAINT FOR DAMAGES |
| | ) (1) DISABILITY DISCRIMINATION IN |
| COUNTY OF STANISLAUS, STANISLAUS | ) VIOLATION OF FMLA, ADA AND PUBLIC |
| COUNTY OFFICE OF THE TREASURE TAX | ) POLICY; |
| COLLECTOR DEPARTMENT HEAD MR. FORD | ) |
| And of the county CEO Risk Management Division | ) (2) RETALIATION IN VIOLATION |
| and DOES 1 through 25, inclusive, | ) OF FMLA, ADA AND PUBLIC POLICY; |
| Defendants, | ) |
| | ) (3) FAILURE TO TAKE ALL REASONABLE |
| | ) STEPS TO PREVENT DISCRIMINATION |
| | ) IN VIOLATION OF FMLA AND ADA; |
| | ) |
| | ) (4) FAILURE TO ENGAGE IN |
| | ) INTERACTIVE PROCESS; |
| | ) |
| | ) (5) INTENTIONAL INFLICTION OF |
| | ) EMOTIONAL DISTRESS; |
| | ) (6) NEGLIGENT INFLICTION OF |
| | ) EMOTIONAL DISTRESS; |

COMPLAINT FOR DAMAGES

ROGER M. BEAUCHESNE

This case has been assigned to Judge _____
Department 24 , for all purposes including Trial.

)(7) BREACH OF CONTRACT;

1 )

2 ) (8) BREACH OF THE CONVENT OF GOOD

3 ) FAITH AND FAIR DEALING;

4 )

5 ) (9) NEGLIGENCE;

6 )

7 ) (10) VIOLATION OF CIVIL CODE 52.4;

8 )

9 ) (11) VIOLATION OF CIVIL CODE 51.9;

**DEMAND FOR JURY TRIAL**

Plaintiff complaints against defendants, and each of them, demands a jury trial of all issues and

Causes of action, and alleges on information and belief:

**Parties**

1.  At all material times, plaintiff   Loveada Fresquez (LOVEADA or PLAINTIFF) was a residence of the State of California. The employment contract in which she sues herein was made and to be performed in the State of California.    At all times material times, plaintiff was employed as an employee by the County of Stanislaus in the State of California.

2.  Plaintiff is informed and believes that defendant County of Stanislaus (COUNTY) is a Public entity in the State of California, County of Stanislaus.   At all material times defendant COUNTY was PLAINTIFF's employer.

3.  Plaintiff is inform and believes that defendant Stanislaus County Office of the CEO RISK MANAGEMENT DIVISION (CEO) is a public entity located in the State of California. At all materials times, defendant CEO was PLAINTIFF's employer and was at all material times the CEO of the Stanislaus County Risk Management Division County of Stanislaus, Modesto California.

4.  Plaintiff is informed and believes that defendant Mr. Ford (FORD) is a resident of the State of California.   At all material times, FORD was plaintiff's supervisor and was a supervisor at all

COMPLAINT FOR DAMAGES

material times for the Stanislaus County of the TREASURE TAX COLLECTOR DEPARTMENT.
FORD was plaintiff supervisor at all material times and employed by COUNTY.   At all material
Times, defendant FORD was acting as an agent for defendants COUNTY and HEAD and was acting
within the course and scope of his employment.

5. The true names and capacities of defendants sued as Does 1 through 25, inclusive,
whether Individuals, public entity, corporate, associate, or otherwise, are unknown to plaintiff and are
sued under fictitious names under CCP s474. Plaintiff is informed and believes that Does1 through 25
are California residents.   Plaintiff is informed believes that each of the Doe defendants were
responsible in some way for occurrences and injuries alleged in this complaint, acted as an agent or
employee of the other defendants and ratified the conduct of other defendants.

6. Plaintiff is informed and believes that in doing the things alleged in this complaint,
each defendant was acting as an agent or employee of every other defendant, was acting within the
course and scope of this agency or employment, and was acting with the consent, permission, and
authorization of each defendant.   Plaintiff also is informed and believes that all actions of each
defendant alleged in this complaint were ratified and approved by the officers or managing agents of
every other defendant.

## FACTUAL BACKGROUND

7.    On or about May 5, 1995 **LOVEADA FRESQUEZ** (Plaintiff) was hired by defendants
and TAX COLLECTOR to work at the Tax Revenue as an employee. Plaintiff was a regular full-time
permanent employee.   Plaintiff had a supervisor Defendant Gordon Ford, Agent and Tax Collector in
and for the Stanislaus County Tax Revenue Department.   Beginning on or about June, 2009 and
continuing until PLAINTIFF was unlawfully terminated in 2011, Ford subjected plaintiff to a pattern
of HOSTILE WORK ENVIRONMENT, discrimination and RETALIATION.

8.    Plaintiff discouraged and reported the Hostile Work Environment and
Discrimination by filing an Equal Opportunity Complaint on June, 2009.   Defendants Ford, Tax
Collector and County each engaged in unlawful retaliation against plaintiff for opposing and reporting
the discriminatory and harassing conduct.

9.    Defendant Ford knew or should have know that was offended, intimidated and
suffered severe emotional distress as a result of Ford unlawful discriminatory, harassing, and offensive
conduct.

COMPLAINT FOR DAMAGES

10. Defendants', and each of them, unlawful harassment, discrimination and retaliation caused plaintiff server emotional distress, interfered with plaintiff's work performance and environment, and caused plaintiff fear and apprehension. Plaintiff suffered served emotional distress and continues to suffer severe emotional distress as a result of being unlawfully terminated. Plaintiff sought medical attention for the emotional distress caused by defendants' action. Plaintiff's doctor informed COUNTY that Plaintiff had a medical condition and disability requiring COUNTY and TAX REVENUE accommodations.

11. Defendant COUNTY and TAX COLLECTOR refused to accommodate plaintiff's medical condition and disability and refused to comply with doctor's medical instructions thereby unlawfully discriminating and harassing plaintiff in violation of law. COUNTY and TAX COLLECTOR failed to engage in the interactive process by law. Defendant discriminated, harassed and retaliated against plaintiff to Plaintiff's medical condition and disability. Plaintiff was retaliated against by COUNTY and TAX COLLECTOR for filing disability complaint. Plaintiff suffered and continues to suffer severe emotional distress as a result of the unlawful harassment, discrimination, termination and retaliation on the basis of her medical condition and disability, and her claims in making thereof.

12. Defendants COUNTY and TAX COLLECTOR and DOES 1 thru 25 had an obligation to prevent harassment and protect its employees from harassment. Defendants negligently failed to perform its duty. Defendants further failed to provide a harassment free work environment.

13. Plaintiff timely filed a complaint against defendants with Department of Labor Employment Standards Administration Wage and Hour Division and filed a complaint with the Equal Employment Opportunity Commission (EEOC). Plaintiff has exhausted all administrative remedies as required by law.

COMPLAINT FOR DAMAGES

### FIRST CAUSED OF ACTION
**( American Disability Act (ADA), Harassment and Discrimination in Violation of Family Medical Leave Act (FMLA))**

14.   Paragraphs 1 through 5 are incorporated herein by reference.   Plaintiff complains and alleges this cause of action against each, every, and all defendants.

15.   At all material times, defendants COUNTY and TAX COLLECTOR and Does 1 through 25 were employers by the State of California as defined in the Department of Labor Employment Standards were employers by the State of California as defined in the Department of Labor Employment Administration Wage and Hour Division.   Defendant Ford and Does 1 through 25 were all material times plaintiff's supervisors, and were employees of defendant COUNTY and TAX REVENUE.

16.   Defendants and each of them discriminated against plaintiff on the basis of her disability, harassed plaintiff on the basis of her race (Hispanic), female, and retailed against plaintiff on the basis of her disability, race, female all violation FMLA and EEOC.

17.   Plaintiff filed a timely claim of harassment and discrimination with Department of Labor Wage and Hour Division (DOL W&HD) and EEOC within one year of the last act of the ongoing continuous course of conduct of discrimination and harassment.       The Department of Labor Wage and Hour Division issued their findings of Violation of the FMLA against the COUNTY on January 8, 2013 within one year of the filing this complaint. Due to the backlog of EEOC, has not determine their investigation against the COUNTY.   Plaintiff   has exhausted her administrative remedies.

18.   Plaintiff suffered and continues to suffer damages proximately caused by these defendants' Wrongful acts as stated in the section below entitled "DAMAGES", which is incorporated her to the extent pertinent as if set forth here in full.


### SECOND CAUSE OF ACTION
(ADA, Discrimination, and Harassment, Retaliation Violation of FMLA and Public Policy)

COMPLAINT FOR DAMAGES

19.   Paragraphs 1 through 25 are incorporated herein by reference.   Plaintiff complains and alleges this cause of action against each and every, and all defendants.

20.   At all material times, Defendants, COUNTY, TAX COLLECTOR and DOES 1 through 25 were Plaintiff's employer, as defined by DOL W&HD in the State of California. FORD and DOES 1 through 25 were plaintiff's supervisor.

21.   Defendants, and each of them, discriminated against Plaintiff on the basis of her disability, harassed Plaintiff on the basis of her disability, and retaliated against Plaintiff on the basis of her disability and for reporting her disability, and by failing to reasonably accommodate Plaintiff's Disability, all in violation of the FMLA and Public Policy.

22.   As a result of the unlawful discrimination, and retaliation committed against Plaintiff by Defendants COUNTY, TAX REVENUE and FORD, that began on or about Nov. 22. 2008 and continued until Oct. 28, 2011.   Plaintiff was declared disabled by her treating physician because of the severe emotional distress she was suffering.   Defendants, and each of them inclusive, were aware, or at the very least should have been aware of Plaintiff's disability/medical condition had been brought on by the abusive conduct of Defendant, FORD. Defendants and each of them had actual and constructive knowledge of Plaintiff's disability.

23.   Defendants, and each of them, had an obligation under FMLA and according to public policy to provide reasonable accommodations to Plaintiff. Defendants, and each of them, failed to reasonably accommodate Plaintiffs, harassed and discriminated against Plaintiff because of her disability, and retaliation against Plaintiff because of her disability in violation of FMLA and public policy.

24.   Plaintiff filed a complaint against Defendants with Department of Labor Wage and Hour Division within one year from date of injury.   The Department issued their findings on January 8, 2013, violation of the FMLA, against the COUNTY, within one year filing this complaint. Plaintiff

COMPLAINT FOR DAMAGES

has exhausted her administrative remedies.

25.   Plaintiff suffered damages proximately caused by these Defendants failures to accommodate Disability as stated in the section below entitled "DAMAGES," which is incorporated here to the extent pertinent as if set forth here in full.   Additionally, the conduct of Defendants was done with the intent to oppress Plaintiff and was undertaken with malice toward her and therefore Defendants should be assessed exemplary and punitive damages, according to proof at trail in order to punish and deter similar conduct.

## THIRD CAUSED OF ACTION
(Retaliation in Violation of FMLA and Public Policy)

26.   Paragraphs 1 through 31 are incorporated herein by reference.   Plaintiff complains and alleges this cause of action against each, every and all defendants.

27.   At all times herein mentioned, plaintiff was a Hispanic Female person fully competent to perform the duties to which she was assigned.   At times herein mentioned, Plaintiff was also diagnosed with a medical condition and disability.

28.   Defendants and each of them discriminated against, harassed, and retaliated against plaintiff on the basis of her race/gender (Hispanic female) and disability and medical condition, all in violation of FMLA and public policy.

29. This discrimination, harassment and retaliation violated public policy, California common law And plaintiff's constitutional   rights under California Constitution, Article 1, section 8, stating A person may not be disqualified from entering or pursuing a business, profession, vocation, or employment because of race or disability.

30.   The unlawful harassment and discrimination to which plaintiff was subjected by defendants and each of them was severe and pervasive, was on going and continuous course of conduct, and created a hostile work environment.

31.   Plaintiff suffered and continues to suffer damages proximately caused buy these defendants'

COMPLAINT FOR DAMAGES

Wrongful acts as stated in the section below entitled "DAMAGES," which is incorporated here to the extent pertinent as if set forth here in full.

## FOURTH CAUSE OF ACTION
(Failure to Take All Reasonable Steps to Prevent Discrimination
And Harassment in Violation of Law)

32.     Paragraphs 1 through 36 are incorporated are incorporated herein by reference.   Plaintiff complains and alleges this cause of action against Defendants COUNTY and DOES 1 through 25.

33.     Defendants, COUNTY and DOES 1 through 25 are employers in the State of California as Defined in the DOL W&HD.

34.     Defendants failed to take all reasonable steps to prevent discrimination and harassment against Plaintiff, because of her race/gender (Hispanic female) and disability, from occurring and to take immediately and appropriate corrective action to remedy the harassment, because of her race/gender (Hispanic female) and disability, and failed to immediately conduct a prompt and thorough investigation in violation of law.

35.     Plaintiff filed a complaint of retaliation against Defendants with Department of Labour Wage and Hour Division within one year of that retaliation.   The Department issued their findings on January 8, 2013, violation of the FMLA, against the COUNTY, within one year filing this complaint. Plaintiff has exhausted her administrative remedies.

36.     Plaintiff suffered damages proximately caused by these Defendants' retaliation as stated in the section below entitled "DAMAGES," which is incorporated here to the extent pertinent as if set forth here in full.

## FIFTH CAUSE OF ACTION
(Intentional Infliction of Emotional Distress)

37.     Paragraphs 1 through     are incorporated herein by reference.   Plaintiff complaints and alleges this cause of action against each, every and all defendants.

COMPLAINT FOR DAMAGES

38.    Defendants conduct as set forth in this complaint was extreme and outrageous and abuse of authority and position of defendants and each of them.   Defendants conduct was intended to cause plaintiff severe emotional stress, or was done in conscious disregards of the probability of causing plaintiff such distress.   Defendants each engaged in conduct to humiliate plaintiff.

39.    Defendants conduct did in fact cause plaintiff to suffer extreme emotional distress. As a Proximate cause of defendants' action, plaintiff suffered embarrassment, anxiety, humiliation, and emotional distress, and will continue to suffer emotional distress in the future in an amount according to proof at trial.   Plaintiff suffered damages proximately cause by these defendants retaliation as stated in the section below entitled "DAMAGES," which is incorporated here to the extent pertinent as if set forth here in full.

### SIXTH CAUSE OF ACTION
#### (Negligent Infliction of Emotional Distress)

40.    Paragraphs 1 through    are incorporated herein by reference.   Plaintiff complaints and all And alleges this cause of action against each, every, and all defendants.

41. In harassing, discriminating, failing to investigate in matter require by law, and retaliating as Described above against Plaintiff, Defendants and each them breached a duty to Plaintiff to provide a work place free from harassment, discrimination, unfair treatment, and retaliation, and abused their position of authority toward Plaintiff.

42.    Plaintiff suffered damages legally caused by Defendants' negligent infliction of emotional distress as stated in the section below entitled "DAMAGES," which is incorporated here to the extent pertinent as if set forth here.

### SEVENTH CAUSE OF ACTION
#### (Breach of Contract)

43.    Paragraphs 1 through    are incorporated herein by reference. Plaintiff complaints and alleges this cause of action against COUNTY and TAX COLLECTOR and DOES 1 through 25.

44.     Plaintiff and Defendants' COUNTY and TAX COLLECTOR and DOES 1 through 25 entered into an employment contract during the term of plaintiff's employment. The contract was oral, written and implied-in-fact.   The basic terms of the agreement were that plaintiff's employment would be secure for as long as her performance was satisfactory, that any complaint of sexual harassment, discrimination , or retaliation would be investigated and resolved promptly and fairly, and any claim of disability would be reasonably accommodated, that COUNTY and TAX COLLECTOR would engage in good faith interactive process, that plaintiff would not be retaliated against for making such complaints of harassment or discrimination and or requesting accommodation, that plaintiff would not be terminated without good cause, and that plaintiff would earn agreed upon wages and fringe benefits.   Further, defendants' promised plaintiff an area and work environment free from harassment and discrimination.

45.     Plaintiff undertook and continue employment and duty performed all of the conditions of the Employment agreement to be performed by her until prevented by defendants from further performance.   Plaintiff had, at all times, been ready, willing and able to perform all of the conditions of the agreement to be performed by plaintiff.

46.     Defendants COUNTY and TAX COLLECTOR and DOES 1 through 25 breached the oral, written and implied-in-fact agreement by failing to perform COUNTY obligations and under said contract by failing to investigate and resolve plaintiff complaint of discrimination, harassment, and retaliation fairly or promptly, by retaliating against plaintiff for making the harassment and retaliation complaints and for plaintiffs disability, by falling to engage in the interactive process and by failing to provide plaintiff with a safe work environment free from harassment and discrimination, despite plaintiff's satisfactory performance.

47.     Plaintiff suffered damages proximately caused by breach of contract as stated in the section entitled "DAMAGES," which is incorporated here to the extent pertinent as if set forth here in full.

COMPLAINT FOR DAMAGES

## EIGHT CAUSE OF ACTION
### (Breach of the Covenant of Good Faith and Fair Dealing)

48.     Paragraphs 1 through     are incorporated herein by reference.   Plaintiff complaints and alleges this cause of action against COUNTY and TAX COLLECTOR and DOES 1 through 25.

49.     Defendants COUNTY and TAX COLLECTOR and DOES 1 through 25 had the legal duty to act fairly and in good faith towards plaintiff in connection with the employment agreement. Defendants covenanted to give full cooperation to plaintiff in her performance under the employment agreement, to treat plaintiff fairly in good faith, to treat plaintiff same way as other similarly situated employees and to refrain from any act which would impede any of the conditions of the employment agreement, or which would prevent plaintiff from receiving the benefits of the employment agreement.

50.     Defendants and COUNTY, TAX COLLECTOR and DOES 1 through 25 breached these duties imposed by law in connection with the employment agreement by failing to investigate and resolve plaintiff complaint of harassment, discrimination and retaliation fairly or promptly, by retaliating against plaintiff's disability, by failing to engage in the interactive process and by failing to provide plaintiff with a safe work environment free from harassment and discrimination.

51.   Plaintiff suffered damages legally caused by these defendant's breach of the covenant of good faith and fair dealing as stated in the section below entitled "DAMAGES," which is incorporated hereto the extent pertinent as if set forth herein full.

## NINTH CAUSED OF ACTION
### (Negligence)

52.     Paragraphs 1 through     are incorporated herein by reference.   Plaintiff complaints and alleges this cause of action against COUNTY, TAX COLLECTOR and DOES 1 through 25.

53.     At all material times defendant COUNTY, TAX COLLECTOR and DOES 1 through 25 were plaintiff employer.   At all material times plaintiff was an employee of COUNTY, TAX

COMPLAINT FOR DAMAGES

COLLECTOR and DOES 1 trough 25.

54.   Defendants and each of them named in this cause of, owed plaintiff a duty to provide competent supervision, to not retain supervisors who are unfit for the position, to not hire or promote people who are unfit for the position.   Defendants owed plaintiff a duty to supervise its employees in a manner that does not expose employees to know dangers.   Defendants owed plaintiff a duty not to negligently supervise its employees.   Defendants also owed plaintiff a duty to provide reasonable accommodations for medical and disability conditions, to engage in the interactive process and to not retaliate against plaintiff for making such complaints or requesting accommodations.

55.   Defendants breached their duties and were negligent proximately causing plaintiff harm. As a proximate result of defendants' negligence, plaintiff extreme emotional distress as a proximate result of conduct.   Plaintiff pain, discomfort, humiliation, anxiety, and emotional distress and will continue to in the future resulting in damages in an amount according to proof.

56.   Defendants conduct exceeded the inherent risk of employment and was not the sort of conduct normally associated with employment.   COUNTY breached its duty by ratifying FORD"s harassment and conduct.

57.   Plaintiff suffered damages legally caused by these defendants' negligent infliction of emotional distress as stated in the section below entitled "DAMAGES," which is incorporated here to the extent pertinent as if set forth here in full.

### TENTH CAUSE OF ACTION
(Violation of Civil Code §52.3)

58.   Paragraphs 1 through        are incorporated herein by reference.   Plaintiff complaints and alleges this cause of action against defendants COUNTY, TAX REVENUE, TAX COLLECTOR and DOES 1 through 25.

COMPLAINT FOR DAMAGES

59.    Defendants COUNTY, TAX COLLECTOR and DOES 1 through 25 are governmental entities as defined under section 52.3.   Defendant FORD and DOES 1 through 25 were agents and or acting on behalf of a governmental authority.

60.    Defendants, and each of them, engaged in a pattern and practice of depriving plaintiff from her rights, privileges, and immunities as guarantee under the laws of the State of California and the Constitution of the State of California.   Defendants action as stated above and herein the complaint Constitute violation of Civil Code § 52.3.

61.   Plaintiff suffered injuries and damages as a result of defendants violation Civil Code § 52.3. Defendants conduct was the legal and proximate cause of plaintiff's injuries.

62.    Plaintiff suffered damages legally caused by these defendants' negligence as stated in the section below entitled "DAMAGES," which is incorporated here to the extent pertinent as if set forth here in full.

## DAMAGES

62.   As a legal result of the conduct by defendants of which plaintiff complains, plaintiff suffered And continues to suffer substantial losses in earnings and other employee benefits.    Plaintiff will seek leave to amend this complaint to state the amount or will proceed according to proof at trail.

63.   Plaintiff suffered emotional distress as a legal result of the conduct by defendants of which plaintiff complains.  Plaintiff suffers mental distress, suffering and anguish as a legal result of defendants' outrages conduct, reacting her wrongful termination and defendants' other misconduct with humiliation, embarrassment, anger, disappointment and worry, all of which is substantial and enduring.   Plaintiff suffered and continues to suffer severe emotional distress to financial problems caused by the unlawful termination and retaliation.   Plaintiff will seek leave to amend this complaint to state the amount or will proceed according to proof of trail.   Plaintiff was in a vulnerable position because relative lack of power, because she was emotionally venerable as a result being harassed,

COMPLAINT FOR DAMAGES

due to her disability, because of her reliance on defendants' of assurance, because she had placed her trust in defendants, because she depended on his employment for her self esteem and sense of belonging.

64.     Notwithstanding such knowledge, defendants, and each of them, acted oppressively, fraudulently, and maliciously, in willful and conscious disregard of plaintiff's rights, and with intention of causing or in reckless to disregard of the probability of causing injury and emotional distress to the plaintiff.

65.     The foregoing conduct of defendants, and each of them, was intentional, willful and malicious and plaintiff is entitled to punitive damages in an amount to conform to proof.

///
///
///
///
///

///
///
///
///
///

## **PRAYER**

Wherefore plaintiff prays for judgment against defendants, and each of them, as follows:

2.    For a money judgment representing compensatory damages including future earnings retirement benefits and other employee benefits and all sums of money, together with interest on these amount, according to proof.

3.    For a money judgment for mental pain and anguish and emotional distress, according to Proof;

4.    For an award of punitive damages, according to proof;

COMPLAINT FOR DAMAGES

5.  For costs of suit and attorney fees;

6.  For prejudgment and post-judgment interest;

7.  For any other relief that is just and proper; and out of pocket expense.

8.  For attorney fees pursuant to California Code of Civil Procedure § 1021.5, California Government Code § 12965(b), California Civil Code § 52.3 and any other appropriate authority.

## JURY TRAIL DEMAND

Plaintiff demands trail by jury in this and all causes of action associated with this complaint.


DATED:   This 21ST   day of October,   2013

LEZLY D. .CROWELL


_____

Attorney for Plaintiff

# EXHIBIT B

RECEIVED

OCT 25 2013

STANISLAUS COUNTY
RISK MANAGEMENT

SUM-100

**SUMMONS**
**(CITACION JUDICIAL)**

BOARD OF SUPERVISORS

2013 OCT 25 P 2:48

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

FILED

13 OCT 24  AM 9:33

CLERK OF THE SUPERIOR COURT
COUNTY OF STANISLAUS
BY ERIN BARNETT
                                    DEPUTY

NOTICE TO DEFENDANT: County OF STANISLAUS
(AVISO AL DEMANDADO): STANISLAUS COUNTY OFFICE OF
THE TREASURER TAX COLLECTOR DEPARTMENT HEAD
MR. FORD And of the county CEO Risk management division
and DOES 1 through 25, inclusive,

YOU ARE BEING SUED BY PLAINTIFF:
(LO ESTÁ DEMANDANDO EL DEMANDANTE):

LODEADA FRESQUEZ, an individual

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| The name and address of the court is: STANISLAUS COUNTY Superior Court | CASE NUMBER: (Número del Caso): 2005 C. . 1 |
| --- | --- |

(El nombre y dirección de la corte es):
801 10th ST. 4th FLOOR
MODESTO, CA 95354

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
LAW OFFICES OF Leahy B. Crowell 1271 Washington Ave., #804
San Leandro, CA 94577, phone: 209-895-4175

| DATE: OCT 25 2013 | Clerk, by ERIN BARNETT | , Deputy |
| --- | --- | --- |
| (Fecha) | (Secretario) | (Adjunto) |

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of (specify):

3. [ ] on behalf of (specify):

   under: [ ] CCP 416.10 (corporation)          [ ] CCP 416.60 (minor)
          [ ] CCP 416.20 (defunct corporation)  [ ] CCP 416.70 (conservatee)
          [ ] CCP 416.40 (association or partnership)  [ ] CCP 416.90 (authorized person)
          [ ] other (specify):
4. [ ] by personal delivery on (date):

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

# EXHIBIT C

| ATTORNEY OR PARTY WITHOUT ATTORNEY (NAME, ADDRESS, PHONE, BAR NUMBER) | FILED FOR COURT USE ONLY |
|---|---|
| _Longley D Crowell (SBN: 170312)_<br>_Law Offices Of Longley D. Crowell_  Phone _209-895-4_<br>_1271 Washington Ave, #804, San Leandro, CA 94577_<br>Attorney for: _Lourdes Vasquez_ | 13 OCT 24  AM 9: 34<br>OF THE SUPERIOR COURT<br>COUNTY OF STANISLAUS<br><br>**ERIN BARNETT**<br>DEPUTY |

| | |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF STANISLAUS**<br>Street Address:  City Towers Bldg., 801 10th St, 4th Floor, Modesto, CA 95354<br>Civil Clerk's Office:  801 10th Street, 4th Floor, Modesto, CA 95354 | |

| | | |
|---|---|---|
| Plaintiff/Petitioner: _Lourdes Vasquez_<br>Defendant/Respondent: _County of Stanislaus_ | | |
| **NOTICE OF CASE MANAGEMENT CONFERENCE** | CASE NUMBER<br>_2003861_ | |

1.   NOTICE is given that a **Case Management Conference** has been scheduled as follows:

   Date: _2.24-14_          Time: _8.30_ * AM/PM

This case is assigned to Judge _ROGER M. BEAUCHESNE_, Dept _24_, for all purposes, including trial.

   *Departments 21 & 22 are located at 801 10th Street, 6th Floor, Modesto, CA 95354
   *Departments 23 & 24 are located at 801 10th Street, 4th Floor, Modesto, CA 95354
   **All filings shall be filed in the Clerk's Office at the City Towers, 4th Floor address.**

   ........................................................................................................................................

   You have 30 calendar days to file a written response with this court after the legal papers and the summons were served on you.  You must also serve a copy of your written response on the plaintiff.

2.   You must file and serve a completed *Case Management Conference Statement* at least **fifteen (15) calendar days** before the case management conference.

3.   You must be familiar with the case and be fully prepared to participate effectively in the case management conference.

4.   At the case management conference the Court may make pretrial orders, including the following:

   a. An order establishing a discovery schedule.

   b. An order referring the case to arbitration.

   c. An order dismissing fictitious defendants.

   d. An order scheduling exchange of expert witness information.

   e. An order setting subsequent conferences and the trial date.

   f. Other orders to achieve the goals of the Trial Court Delay Reduction Act (Gov. Code, § 68600 et seq.).

   OCT 24 2013

Date:                    by _____    ERIN BARNETT    Deputy Clerk

Mandatory Form

| | | |
|---|---|---|
| CV003 | **--SANCTIONS--**<br>If you do not file the *Case Management Statement* required by local rule, or attend the case management conference or participate effectively in the conference, the court may impose sanctions (including dismissal of the case, striking of the answer, and payment of money). | 11/10 |

**Rule 3.110. Superior Courts—Uniform Rules of Court.**

**Time for Service of Complaint, Cross-Complaint, and Response**

(a) [Application] This rule applies to the service of pleadings in civil cases except for collection cases under Rule 3.740 (1). Unlawful detainer actions, proceedings, under the Family Code, and other proceedings for which different service requirements are prescribed by law.

(b) [Service of complaint] The complaint must be served on all named defendants and proofs of service on those defendants must be filed with the court within 60 days after the filing of the complaint. When the complaint is amended to add a defendant, the added defendant must be served and proof of service must be filed within 30 days after the filing of the amended complaint.

(c) [Service of cross-complaint] A cross-complaint against a party who has appeared in the action must be accompanied by proof of service of the cross-complaint at the time it is filed. If the cross-complaint adds new parties, the cross-complaint must be served on all parties and proofs of service on the new parties must be filed within 30 days of the filing of the cross-complaint.

(d) [Timing of responsive pleadings] The parties may stipulate without leave of court to one 15-day extension beyond the 30-day time period prescribed for the response after service of the initial complaint.

(e) [Modification of timing; application for order extending time] The court, on its own motion or on the application of a party, may extend or otherwise modify the times provided in (b) - (d). An application for a court order extending the time to serve a pleading must be filed before the time for service has elapsed. The application must be accompanied by a declaration showing why service has not been completed, documenting the efforts that have been made to complete service, and specifying the date by which service is proposed to be completed.

(f) [Failure to serve] If a party fails to serve and file pleadings as required under this rule, and has not obtained an order extending time to serve its pleadings, the court may issue an Order to Show Cause why sanctions shall not be imposed.

(g) [Request for entry of default] If a responsive pleading is not served within the time limits specified in this rule and no extension of time has been granted, the plaintiff must file a request for entry of default within 10 days after the time for service has elapsed. The court may issue an Order to Show Cause why sanctions should not be imposed if the plaintiff fails to timely file the request for the entry of default.

(h) [Default judgment] When a default is entered, the party who requested the entry of default must obtain a default judgment against the defaulting party within 45 days after the default was entered, unless the court has granted an extension of time. The court may issue an Order to Show Cause why sanctions should not be imposed if that party fails to obtain entry of judgment against a defaulting party or to request an extension of time to apply for a default judgment within that time.

(i) [Order to Show Cause] Responsive papers to an Order to Show Cause issued under this rule must be filed and served at least 5 calendar days before the hearing.

11/10

CV003