1
2
3
4
5
6
7
8
9

**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LOVEADA FRESQUEZ, | 1:13-cv 1897-AWI-SAB |
| Plaintiff, | **ORDER REGARDING MOTION TO DISMISS OR FOR MORE DEFINITE STATEMENT** |
| v. | |
| COUNTY OF STANISLAUS, STANISLAUS COUNTY OFFICE OF THE TREASURE TAX COLLECTOR DEPARTMENT HEAD MR. FORD, and of the County CEO Risk Management Division, and DOES 1 through 25, inclusive, | (Doc. 7) |
| Defendants. | |

_____/

**I. Introduction**

Defendants County of Stanislaus, Gordon Ford, and County CEO Risk Management Division ("Defendants") filed two motions in the alternative; a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6) and a motion for more definite statement pursuant to Federal Rule of Civil Procedure 12(e). Defendants' motion is unopposed. For the following reasons, Defendants' motion to dismiss will be granted. Defendants' motion for more definite statement will be denied as moot.

1

## II. Background

Plaintiff Loveada Fresquez ("Plaintiff") alleges the following basis for her complaint: Plaintiff is a former employee of the County of Stanislaus, Office of the CEO Risk Management Division. Complaint, Doc. 1 ("Compl.")at ¶¶ 1-3. On or about May 5, 1995, Plaintiff "was hired by defendants and TAX COLLECTOR [sic] to work at the Tax Revenue [sic] as an employee." Compl. at ¶ 7.  Defendant Gordon Ford ("Defendant Ford") was Plaintiff's supervisor at the Stanislaus County Tax Revenue Department. Compl. at ¶ 7.

Beginning in June of 2009 and continuing until Plaintiff's termination in 2011, "Defendant Ford subjected Plaintiff to a pattern of HOSTILE WORK ENVIRONMENT [sic], discrimination[,] and RETALIATION [sic]." [1] Compl. at ¶ 7. Defendants "discriminated against [P]laintiff on the basis of her disability, harassed plaintiff on the basis of her race (Hispanic) [sic], female [sic], and retaliated against plaintiff on the basis of her disability, race, female [sic] all violation [sic] of [Family Medical Leave Act ("FMLA")] and [Equal Employment Opportunity Commission] EEOC [sic]." Compl. at ¶ 16. Plaintiff complained to the EEOC of the hostile work environment and discrimination in June of 2009. *See* Compl. at ¶ 8. Plaintiff also filed a claim based on "harassment and discrimination" with the Wage and Hour Division of the Department of Labor ("WHD").[2] *See* Compl. at ¶ 17. At some time thereafter, Defendants retaliated against Plaintiff for opposing and reporting discriminatory and harassing conduct. *See* Compl. at ¶ 8.

As a result of the unlawful harassment, discrimination, and retaliation, Plaintiff suffered severe emotional distress, interference with her work performance, fear, and apprehension.

"The [WHD] issued their findings of Violation [sic] of the FMLA against the COUNTY [sic] on January 8, 2013…" Compl. at ¶ 17. "Due to the backlog EEOC, [sic] has not determine [sic] their investigation against the COUNTY [sic]." Compl. at ¶ 17.

---

[1] In Plaintiff's Second Cause of Action she alleges that "the unlawful discrimination, [sic] and retaliation … began on or about Nov[ember] 22, 2008 and continued until Oct[ober] 28, 2011." In no part of Plaintiff's complaint does she describe the facts giving rise to any of the claims of creation of a hostile work environment, discrimination, or retaliation.

[2] The date of claim filed with the WHD is not alleged.

1    Plaintiff filed suit in Stanislaus Superior Court on October 4, 2013. *See* Doc. 1. The case

2    was removed to this Court on November 22, 2013. *See* Doc. 1.

3                                  **III. Legal Standard**

4    *A. Rule 12(b)(6)*

5           Under Federal Rule of Civil Procedure 12(b)(6), a claim may be dismissed because of the

6    plaintiff's "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A

7    dismissal under Rule 12(b)(6) may be based on the lack of a cognizable legal theory or on the

8    absence of sufficient facts alleged under a cognizable legal theory. *Conservation Force v.*

9    *Salazar*, 646 F.3d 1240, 1242 (9th Cir. 2011); *Johnson v. Riverside Healthcare Sys.*, 534 F.3d

10   1116, 1121 (9th Cir. 2008). In reviewing a complaint under Rule 12(b)(6), all allegations of

11   material fact are taken as true and construed in the light most favorable to the non-moving party.

12   *Faulkner v. ADT Sec. Servs.*, 706 F.3d 1017, 1019 (9th Cir. 2013); *Johnson*, 534 F.3d at 1121.

13   However, the Court is not required "to accept as true allegations that are merely conclusory,

14   unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*,

15   266 F.3d 979, 988 (9th Cir. 2001); *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th

16   Cir. 1994) (Nor is the Court required to accept "legal conclusions cast in the form of factual

17   allegations if those conclusions cannot reasonably be drawn from the facts alleged.").

18          In the employment discrimination context, a plaintiff need not plead a *prima facie* case in

19   order to survive a motion to dismiss pursuant to Rule 12(b)(6). *See Swierkiewicz v. Sorema N.A.*,

20   534 U.S. 606, 515 (2002). However, to avoid a Rule 12(b)(6) dismissal, a complaint must

21   contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its

22   face. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009); see *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555,

23   570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows

24   the court draw the reasonable inference that the defendant is liable for the misconduct alleged."

25   *Iqbal*, 556 U.S. at 678. Courts therefore must look at a complaint in light of the relevant

26   evidentiary standard, in order to decide whether it "contain [s] sufficient factual matter, accepted

27   as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal,* 129 S.Ct. at 1949 (quoting

28

1  *Twombly,* 550 U.S. at 570).  The Ninth Circuit has interpreted *Iqbal* and *Twombly* to hold that 1)

2  to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not

3  simply recite the elements of a cause of action, but must contain sufficient allegations of

4  underlying facts to give fair notice and to enable the opposing party to defend itself effectively;

5  and 2) the factual allegations that are taken as true must plausibly suggest an entitlement to

6  relief, such that it is not unfair to require the opposing party to be subjected to the expense of

7  discovery and continued litigation. *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

8        Accordingly, while a plaintiff need not plead facts constitution all elements of a *prima*

9  *facie* employment discrimination case in order to survive a motion to dismiss, courts look to

10  those elements to analyze a motion to dismiss – so as to decide, in light of judicial experience

11  and common sense, whether the challenged complaint contains sufficient factual matter,

12  accepted as true, to state a claim to relief that is plausible on its face.

13  *B. Leave to Amend*

14        If a motion to dismiss is granted, leave to amend need not be granted if amendment

15  would be futile or if the plaintiff has failed to cure deficiencies despite repeated opportunities.

16  *See Mueller v. Auker*, 700 F.3d 1180, 1191 (9th Cir. 2012); *Telesaurus VPC, LLC v. Power*, 623

17  F.3d 998, 1003 (9th Cir. 2010).

18        Also, before dismissing a pro se complaint, the district court must provide the litigant

19  with notice of the deficiencies in his complaint in order to ensure that the litigant uses the

20  opportunity to amend effectively. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992).

21  Leave to amend should be granted "with extreme liberality," so long as factors such as undue

22  delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies

23  by amendments previously allowed, undue prejudice to the opposing party by virtue of the

24  amendment, or futility of amendment are not present. *Eminence Capital, LLC v. Aspeon, Inc.*,

25  316 F.3d 1048, 1051-52 (9th Cir. 2003).  "Absent prejudice, or a strong showing of any of the

26  remaining factors, there exists *a presumption* under Rule 15(a) in favor of granting leave to

27  amend."  *Id.* at 1052 (emphasis in original).

28

A proposed amendment is futile only if "no set of facts can be proved under the amendment to the pleadings" that would constitute a valid and sufficient claim or defense. *Nordyke v. King*, 681 F.3d 1041, 1046 (9th Cir. 2012) (citing *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988)). A proposed amended complaint is futile if it would be immediately subject to dismissal. *Raifman v. Wachovia Sec.*, *LLC*, 2012 U.S. Dist. LEXIS 64596, *6-7 (N.D. Cal. 2012) (citing *Nordyke v. King*, 644 F.3d 776, 788 n. 12 (9th Cir. 2011)). Thus, the proper test to be applied when determining the legal sufficiency of a proposed amendment is identical to the one used when considering the sufficiency of a pleading challenged under Rule 12(b)(6). *Id*.

### IV. Discussion

Plaintiff pleads ten causes of action: 1) disability discrimination in violation of FMLA, the Americans with Disabilities Act ("ADA"), and public policy; 2) discrimination, harassment, and retaliation in violation of FMLA, ADA, and public policy; 3) retaliation in violation of FMLA and public policy; 4) failure to take all reasonable steps to prevent discrimination in violation of FMLA and ADA; 5) intentional infliction of emotional distress; 6) negligent infliction of emotional distress; 7) breach of contract; 8) breach of the covenant of good faith and fair dealing; 9) negligence; and 10) violation of California Civil Code Section 52.3 (the Unruh Act). Many of these causes of action are poorly pled and possibly duplicative. For the sake of judicial efficiency, the Court will group Plaintiff's claims as appropriate.

Since it is unclear from Plaintiff's complaint what conduct she alleges to have taken place to support her claims and when that conduct took place, this Court will address the requirements for each claim that the limited factual allegations could support if more fully developed.

*A. FMLA claim*

An employee is entitled to 12 workweeks per year of protected unpaid leave pursuant to 29 U.S.C. 2612(a)(1) "because of a serious health condition that makes the employee unable to perform the functions of the position of such employee." 29 U.S.C. § 2612(a)(1)(D). The obligation of employers to grant protected leave under section 2612(a)(1)(D) is triggered by a

request for leave that an employer may require to be "supported by a certification issued by the health care provider of the eligible employee…" 29 U.S.C. § 2613(a). It is a violation of the FMLA for an employer to "interfere with, restrain, or deny the existence of or the attempt to exercise" the rights protected by the FMLA. 29 U.S.C. § 2615(a)(1). Nor may an employer "discharge or in any manner discriminate against any individual for opposing [reporting, or instituting an action against an employer based on] a practice made unlawful" by the FMLA. 29 U.S.C. §§ 2616(a)(2); (b)(1).

Plaintiff has not pled that she had a health condition that made her unable to perform the functions of her position nor any facts to support that claim. Rather, Plaintiff has alleged that, "[a]t all relevant times herein mentioned, [P]laintiff was a Hispanic Female person fully competent to perform the duties to which she was assigned." Compl. at ¶ 27. Further, Plaintiff has not described any actions that Defendants allegedly took against her that would constitute an attempt to interfere with exercise of FMLA rights, or discrimination or retaliation against Plaintiff for her exercise of said rights. Accordingly, Plaintiff has alleged insufficient fact to state a FMLA claim. To the extent that Plaintiff also sought to allege a violation of FMLA by alleging that Defendants failed to take all reasonable steps to prevent harassment, Plaintiff has also failed to state a claim.

Since Plaintiff has failed to allege sufficient factual matter to state a FMLA violation, her claim will be dismissed. This Court cannot conclude that amendment would be futile. Accordingly, plaintiff will be granted leave to amend.

*B. Title VII and FEHA claims*

Although it is not explicitly pled in Plaintiff's Complaint, it appears to the Court that Plaintiff has attempted to allege that Defendants engaged in conduct that could amount to violations of Title VII and its California counterpart, the Fair Employment and Housing Act ("FEHA"). Plaintiff asserts several theories of unlawful discrimination under Title VII and FEHA; disparate treatment, hostile work environment, retaliation, and under only FEHA, failure to prevent discrimination and harassment.  After the Court addresses the sufficiency of Plaintiff's

1  pleading it will address Defendants' failure to exhaust and statute of limitations affirmative

2  defenses.

3      *1.  Sufficiency of the Pleading*

4      When the workplace is permeated with "discriminatory intimidation, ridicule, and insult"

5  that is "sufficiently severe or pervasive to alter the conditions of the victim's employment and

6  create an abusive working environment," Title VII is violated. *Harris v. Forklift Systems, Inc.,*

7  510 U.S. 17, 21 (1993) (citations omitted) (*quoting Meritor Savings Bank, FSB v. Vinson,* 477

8  U.S. 57 (1986)). Such conduct also violates FEHA. *See* Cal. Gov't Code § 12940(a). To

9  demonstrate that an actionable hostile work environment exists, "the plaintiff must show that her

10 work environment was both subjectively and objectively hostile; that is, she must show that she

11 perceived her work environment to be hostile, and that a reasonable person in her position would

12 perceive it to be so." *Dominguez–Curry v. Nevada Transp. Dept.,* 424 F.3d 1027, 1034 (9th

13 Cir.2005). To assess objective hostility, the court must look to "all the circumstances, 'including

14 the frequency of the discriminatory conduct; its severity; whether it is physically threatening or

15 humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an

16 employee's work performance.' " *Id.* (quoting *Clark Cty. Sch. Dist. v. Breeden,* 532 U.S. 268,

17 270–71, 121 S.Ct. 1508, 149 L.Ed.2d 509 (2001)).

18      A hostile work environment can form the basis for a retaliation claim only if the

19 harassment is "sufficiently severe or pervasive to alter the conditions of the victim's employment

20 and create an abusive working environment." *Ray v. Henderson,* 217 F.3d 1234, 1245 (9th

21 Cir.2000) (quoting *Harris,* 510 U.S. at 21).

22      Plaintiff has not described the conditions of her work environment. As such, Plaintiff has

23 not pled sufficient fact to state a claim for violation of Title VII or FEHA based on a hostile

24 workplace theory.

25      "A person suffers disparate treatment in his employment when he or she is singled out

26 and treated less favorably than others similarly situated on account of race" or another protected

27 characteristic. *Cornwell v. Electra Central Credit Union,* 439 F.3d 1018, 1028 (9th Cir.2006).

28

The elements of a *prima facie* disparate treatment case are as follows: (1) Plaintiff belongs to a protected class; (2) she was qualified for her position; (3) she was subject to an adverse employment action; and (4) similarly situated individuals outside her protected class were treated more favorably. *See Davis v. Team Elec. Co.,* 520 F.3d 1080, 1089 (9th Cir. 2008).

Plaintiff alleges that she is a Hispanic female. Compl. at ¶ 16. It is not disputed that she is a member of a protected class. Defendant alleges that she was fully competent to perform the duties to which she was assigned. Compl. at ¶ 27. Plaintiff pleads no facts to support the threadbare assertion that she was competent to perform her duties. Without even a description of what Plaintiff's duties entailed it is impossible to determine whether it is plausible that Plaintiff was qualified for her position. Plaintiff alleges that she was terminated from her employment. Compl. at ¶ 7. This is an adverse employment action. Plaintiff has identified no other conduct by Defendants that would indicate that she was subject to adverse employment action. Rather, Plaintiff concludes that she was subject to discriminatory, harassing, and offensive conduct by defendants without describing any of the conduct in question. Finally, Plaintiff has not alleged that any similarly situated individuals outside of her protected classes were treated more favorably. Accordingly, Plaintiff does not plead sufficient fact to state a Title VII or FEHA claim under a disparate treatment theory.

The elements of a prima facie retaliation claim are (1) the employee engaged in a protected activity, (2) she suffered an adverse employment action, and (3) there was a causal link between the protected activity and the adverse employment action. *Davis*, 520 F.3d at 1093-94.

Plaintiff alleges that she reported adverse treatment to EEOC and WHD. Compl. at ¶¶ 7, 13. Although it is unclear when the WHD complaint was filed, the EEOC complaint was filed prior to the alleged retaliation. *Id.* The filing of an EEOC complaint is a protected activity in this context. As discussed, *supra*, an adverse employment action was taken when Plaintiff was terminated. Compl. at ¶ 7. Plaintiff pleads no facts to support a plausible inference of a causal link between the protected activity and adverse action. Plaintiff merely pleads the conclusory allegation that Defendants "engaged in unlawful retaliation against plaintiff for opposing and

1   reporting the discriminatory and harassing conduct." Compl. at ¶ 8. Accordingly, Plaintiff does

2   not plead sufficient fact to state a claim under a retaliation theory.

3        It is an unlawful employment practice under FEHA "for an employer ... to fail to take all

4   reasonable steps necessary to prevent discrimination and harassment from occurring" in the

5   workplace. Cal. Govt.Code § 12940(k). When a plaintiff seeks to recover damages based on a

6   claim of failure to prevent discrimination or harassment she must show three essential elements:

7   1) plaintiff was subjected to discrimination, harassment or retaliation; 2) defendant failed to take

8   all reasonable steps to prevent discrimination, harassment or retaliation; and 3) this failure

9   caused plaintiff to suffer injury, damage, loss or harm. California Civil Jury Instructions (BAJI)

10  12.11 (citing Cal. Govt. Code § 12940(k)).

11       As discussed, *supra*, Plaintiff has only made the threadbare assertion that she suffered

12  discrimination, harassment and retaliation. *See* Compl. at ¶ 34. Further, Plaintiff has not pled any

13  facts to support her assertion that the County or Treasure Collector failed to take reasonable steps

14  to prevent the alleged discrimination. Accordingly, Plaintiff has not pled factual content that

15  allows the Court to draw the reasonable inference that the defendant is liable under a failure to

16  prevent discrimination theory.

17       *2.  Timeliness and Exhaustion*

18       Defendant alleges that Plaintiff failed to exhaust all administrative remedies prior to

19  filing of Title VII and FEHA claims, that the Title VII charge that was filed with the EEOC was

20  untimely, and that the Title VII and FEHA claims filed with Court are time barred. These

21  defenses are inexorably tied in this context and will be addressed together.

22       If the discrete adverse employment actions or conduct giving rise to the hostile work

23  environment alleged in Plaintiff's complaint did not take place within 300 days[3] of Plaintiff's

---

[3] Plaintiff's filing of a claim with the WHD based on a FMLA violation does not entitle her to the extended time period provided by 42 U.S.C.2000e-5(e)(1) for filing a charge with the EEOC. In California, only when a plaintiff first files charges with the California Department of Fair Employment and Housing ("DFEH") does the time to file the charge with the EEOC extend to 300 days of the alleged unlawful practice. *See Santa Maria v. Pac. Bell*, 202 F.3d 1170, 1176 (9th Cir.2000). Courts in this District have held that the applicable limitations period is 300 days because of the workshare agreement between EEOC and DFEH which regards a filing in one as a constructive filing in the other. *Daniels v. California Dept. of Corrections and Rehabilitation*, 120 BNA 1474, 2013 WL 5934152, *3 (E.D. Cal. 2013) (citing *Flores v. Merced Irr. Dist.*, 758 F.Supp.2d 986, 993 (E.D. Cal. 2010)).

filing of charges with the EEOC then her Title VII claims would be time barred. *See* 42 U.S.C. 2005e-5(e)(1).  In the hostile work environment context, *all* discriminatory or retaliatory conduct that is a part of the hostile work environment is included for liability purposes, so long as the last act occurs within the limitations period:

> It does not matter, for purposes of the statute, that some of the component acts of the hostile work environment fall outside the statutory time period. Provided that an act contributing to the claim occurs within the filing period, the entire time period of the hostile environment may be considered by a court for the purposes of determining liability.

*National R.R. Passenger Corp. v. Morgan,* 536 U.S. 101, 117 (2002). It is unclear from the Complaint whether Plaintiff filed charges with the EEOC within the requisite 180 day period.

A plaintiff must also exhaust all administrative remedies prior to filing a Title VII claim.[4] *See Vasquez v. County of Los Angeles,* 349 F.3d 634, 644 (9th Cir.2003); *Sommatino v. United States,* 255 F.3d 704, 708 (9th Cir. 2001).  Generally, the exhaustion requirement is satisfied when the plaintiff receives a right-to-sue notice from the EEOC. 42 U.S.C. § 2000e-5(f)(1); *Wrighten v. Metro. Hosps., Inc.,* 726 F.2d 1346, 1351 (9th Cir.1984). However, the Ninth Circuit has also recognized that, after receiving an EEOC right-to-sue letter *or* becoming eligible for one by the Commission's inaction, a plaintiff generally has 90 days to file suit. *Stiefel v. Bechtel Corp.*, 624 F.3d 1240, 1245 (9th Cir. 2010) (citing *Surrell,* 518 F.3d at 1105) (emphasis added).[5]

Section 2000e-5(f) (1) "provides that if the EEOC has neither filed a Title VII action nor entered into a conciliation agreement to which the complainant is a party within 180 days from

---

[4] In an effort to comply with the recent line of rulings from the Supreme Court designed to curtail imprecise jurisdictional rulings, this court again clarifies that that exhaustions requirements imposed under Title VII are not jurisdictional in nature. Rather, the exhaustion requirements are simply conditions precedent to the filing of a Title VII action. This distinction is of import for three primary reasons: a failure to comply with exhaustion requirements 1) may be subject to equitable tolling or excuses, 2) is addressed as an affirmative defense, so the defendant bears the burden of pleading and proving it, and 3) is not the appropriate subject of a motion pursuant to Rule 12(b)(1). *See Taylor v. Blank,* 2014 WL 1577313, *4 (E.D. Cal. 2014); *Heather v. Castillo*, 2014 WL 1270548, *3 (E.D. Cal 2014)(citing, inter alia, *United States EEOC v. Alia Corp*., 842 F.Supp.2d 1243 (E.D. Cal 2012).

[5] In *Surrell* the Ninth Circuit held that, "where … a plaintiff is entitle to receive a right-to-sue letter from the EEOC, a plaintiff may proceed absent such a letter, provided she had received a right-to-sue letter from the appropriate state agency." 518 F.3d at 1105. In *Stiefel* the Ninth Circuit seems to have abandoned the requirement that a plaintiff receive a letter from the appropriate state agency. 624 F.3d at 1245. Instead the Court focused on the eligibility for right-to-sue letter. *Id.*

the date the charge is filed, the complainant *must* be notified that he or she may now bring a civil action" within 90 days of notice being given. *Brown v. Puget Sound Elec. Apprenticeship & Training Trust,* 732 F.2d 726, 729 (9th Cir.1984) (emphasis added); *See* 42 U.S.C. § 2000e-5(f)(1). Pursuant to § 2000e-5(f)(1), since plaintiff alleges to have filed a timely EEOC charge and more than 180 days had passed since its filing, she was eligible for a right-to-sue notice. 42 U.S.C. § 2000e-5(f)(1). Plaintiff alleges that the EEOC has not issued her a right-to-sue notice. *Compl.* at ¶ 17. However, Plaintiff did not plead the date when her EEOC complaint was filed. Accordingly, it is unclear when the EEOC was required to issue her a notice of right-to-sue. From the date when the entitlement to the notice of right-to-sue arose Plaintiff had 90 days to file her complaint. In the most advantageous situation for Plaintiff, she filed her charge with the EEOC on August 23, 2012, exactly 300 days after her termination (the final adverse employment action) on October 28, 2011. The EEOC then waited 180 days and failed to enter into a conciliation agreement or file suit by February 19, 2013. Plaintiff was then entitled to a notice of right-to-sue; exhausting the EEOC administrative remedy and triggering the 90 day limitations period for filing of a complaint. Plaintiff could then have filed a timely complaint by May 20, 2013, absent equitable considerations.  Plaintiff's complaint was not filed until October 24, 2013.

The Central District recently addressed a similar situation, wherein an error on the part of the EEOC caused a two and a half year delay in a plaintiff receiving a right-to-sue letter. *Rulenz v. Ford Motor Co.*, 2014 WL 50807, *5 (S.D. Cal. Jan. 7, 2014). The court noted that the 90–day filing period is a statute of limitations subject to equitable tolling in appropriate circumstances. *Rulenz*, 2014 WL 50807 at *5. Equitable tolling is applied in extreme cases only, such as "when the EEOC's notice of the statutory period was clearly inadequate." *Rhodes v. Raytheon Co.* __ Fed. Appx. ___, 2014 WL 448529, *2 (9th Cir. 2014) (citing *Scholar v. Pac. Bell,* 963 F.2d 264, 267–68 (9th Cir.1992)). In the Rule 12(b)(6) context, the Ninth Circuit has held that generally:

> A motion to dismiss based on the running of the statute of limitations period may be granted only if—the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled. In fact, a complaint cannot be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim.

*Supermail Cargo v. United States,* 68 F.3d 1204, 1206–07 (9th Cir.1995) (internal citation and quotation marks omitted).  Equitable tolling in an employment discrimination case focuses on whether there is excusable delay by the plaintiff and does not depend on any wrongful conduct by the defendant. *See Santa Maria,* 202 F.3d at 1178; *Valenzuela v. Kraft, Inc.,* 801 F.2d 1170, 1174–75 (9th Cir. 1986) (plaintiff demonstrated due diligence in pursuing her claim, albeit in the wrong forum, and the defendant was not prejudiced by the delay).

The Court cannot make the determination that the assertions of the complaint, read with the required liberality, could not permit the Plaintiff to prove that the statute was tolled as to the Title VII claims.[6]

In order to bring a FEHA claim, the Plaintiff must exhaust administrative remedies by timely filing a charge of discrimination with the Department of Fair Employment and Housing ("DFEH"), and obtaining a right-to-sue letter. *Romano v. Rockwell Int'l, Inc.,* 14 Cal.4th 479, 492, 59 Cal.Rptr.2d 20, 926 P.2d 1114 (1996). A charge of discrimination filed with DFEH is timely if filed within a year of the alleged unlawful practice. *See Cal. Gov't Code* § 12960(d).

Plaintiff alleges that she filed a complaint with the EEOC within a year of the last alleged unlawful act. Compl. at ¶ 17. The California DFEH and the EEOC have a work share agreement whereby charges filed with either the EEOC or the DFEH are deemed "constructively filed" with the other. 29 CFR § 1626.10(c); *Laquaglia v. Rio Hotel & Casino, Inc.,* 186 F.3d 1172, 1175–76 (9th Cir.1999); *see E.E.O.C. v. Dinuba Medical Clinic,* 222 F.3d 580, 585 (9th Cir.2000) (Constructive filing is made possible by "worksharing agreements," which designate the EEOC and the state agency each other's agents for the purpose of receiving charges). Accordingly, Plaintiff has pled that she filed a timely charge with DFEH.

Once a complaint is filed with the DFEH the California Supreme Court has indicated that:

> The DFEH is obligated to investigate each complaint and decide whether to file
> an accusation. (§§ 12963, 12965, subd. (a).) If it has not filed an accusation within

---

[6] If Defendants seek to prove that Plaintiff's claims are outside of the statute of limitations, where the face of the pleadings does not show the inadequacy, the appropriate means of doing so is in a motion for summary judgment.

> 150 days, it must offer the employee a right-to-sue letter on request; if it has not filed an accusation within one year, it must issue the employee a right-to-sue letter as a matter of right. (§ 12965, subd. (b).)

*McDonald v. Antelope Valley Community College Dist*., 45 Cal.4th 88, 106 (2008). Plaintiff has not alleged that she received a right to sue letter from EEOC or the DFEH. Receipt of a right to sue letter from either agency would operate as a letter from the other due to the workshare agreement. As discussed above, Plaintiff's entitlement to a right to sue letter from the EEOC arose, at the latest, on February 19, 2013. From the date of entitlement to the notice of right to sue, Plaintiff had one year to file her FEHA claim. Plaintiff filed her claim on October 24, 2013. This Court cannot make the determination from the face of the pleadings that Plaintiff's FEHA claim is not timely.

Since none of Plaintiff's theories alleging violation of Title VII and FEHA are sufficiently pled, they will be dismissed. However, this Court cannot conclude that amendment of Plaintiff's Title VII and FEHA claims would be futile. Accordingly, plaintiff will be granted leave to amend as to these claims.

C. ADA claim

Plaintiff alleges that she was discriminated against and harassed the basis of her medical condition and disability and retaliated for reporting the former.

*1. Sufficiency of the Pleading*

The ADA prohibits employers from "discriminat[ing] against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a). Such discrimination includes "not making reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability who is an applicant or employee, unless such covered entity can demonstrate that the accommodation would impose an undue hardship on the operation of the business of such covered entity...." 42 U.S.C. § 12112(b)(5) (A). A disability, with respect to an individual, is defined as: "(A) a physical or mental impairment that substantially limits one or

13

more major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment...." 42 U.S.C. § 12102(1). A disabled individual is otherwise "qualified" if he or she, "with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." 42 U.S.C. § 12111(8). A "reasonable accommodation" may include "(A) making existing facilities used by employees readily accessible to and usable by individuals with disabilities; and (B) job restructuring, part-time or modified work schedules, reassignment to a vacant position, acquisition or modification of equipment or devices, appropriate adjustment or modifications of examinations, training materials or policies, the provision of qualified readers or interpreters, and other similar accommodations for individuals with disabilities." 42 U.S.C. § 12111(9).

To establish a *prima facie* claim under Title I of the ADA, an employee must establish (1) that she is a disabled person within the meaning of the ADA; (2) that she is qualified, with or without reasonable accommodation, to perform the essential functions of the job that she holds or seeks; and (3) that she has suffered an adverse employment decision because of her disability. *See Gomez v. American Bldg. Maintenance,* 940 F.Supp. 255, 257 (N.D.Cal.1996) (citing *Sanders v. Arneson Products, Inc.,* 91 F.3d 1351, 1354 (9th Cir.1996)). To withstand a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a plaintiff need not prove, or submit evidence in support of, her *prima facie* case-she need only allege facts that, if accepted as true, state a plausible ADA claim. *Iqbal,* 556 U.S. at 678.

Plaintiff does not allege facts to support her ADA claim. Rather, Plaintiff recites the conclusions that: she is disabled for purposes of the ADA, she was harassed and discriminated against on the basis of her disability, she was retaliated against for reporting her disability, and Defendants failed to reasonably accommodate to her disability. These legal conclusions are inadequate to state a claim for violation of the ADA.

### 2. Timeliness and Exhaustion

Defendant claims that Plaintiff failed to exhaust administrative remedies for ADA relief and failed to file her ADA complaint with this Court within the statutory period. Pursuant to 42

U.S.C. § 12117(a), the procedural rules applied to Title VII actions apply with equal force to any person alleging discrimination on the basis of disability in violation of the ADA. *See* 42 U.S.C. § 12117(a). Accordingly, the same analysis applied to Title VII timeliness and exhaustion challenges, *supra*, applies here.

Since Plaintiff's claim that Defendants violated the ADA is insufficiently pled, it will be dismissed. This Court cannot conclude that amendment of Plaintiff's ADA claim would be futile. Accordingly, plaintiff will be granted leave to amend as to this claim.

*D. State Commonlaw Claims*

As a preliminary matter, Plaintiff is advised that The California Government Claims Act, which is also known as the California Tort Claims Act,[7] Cal. Gov't Code §§ 900 et seq. ("CGCA") requires, as a condition precedent to suit for damages against a public entity, the timely presentation of a written claim and the rejection of the claim in whole or in part. See *Mangold v. California Pub. Utilities Comm'n,* 67 F.3d 1470, 1477 (9th Cir.1995*)* (citing *Snipes v. City of Bakersfield,* 145 Cal.App.3d 861, 193 Cal.Rptr. 760 (1983)). "Public Entities" include counties, public agencies, and any other public entity or a public employee or any other political subdivision or public corporation of the State. Cal. Gov't Code § 811.2. Timely presentation of claims is not merely a procedural requirement but is an element of the plaintiff's cause of action. *Shirk v. Vista Unified Sch. Dist.,* 42 Cal.4th 201, 209 (2007). Accordingly, under California law, failure to allege facts either demonstrating or excusing compliance with the CGCA subjects a complaint to dismissal for failure to state a claim. *See California v. Superior Ct. (Bodde),* 32 Cal.4th 1234, 1245, 13 Cal.Rptr.3d 534, 90 P.3d 116 (2004).

Relatedly, California Government Code § 950.2 mandates that "a cause of action against a public employee ... for injury resulting from an act or omission in the scope of his employment as a public employee is barred unless a timely claim has been filed against the employing public

---

[7] In 2007, the California Supreme Court adopted the practice of using the title "Government Claims Act" instead of the more traditional "California Tort Claims Act" to adequately capture the breadth of the statutory framework and to reduce confusion over issues such as whether breach of contract claims fall within the statutory provisions. *See City of Stockton v. Superior Court,* 42 Cal.4th 730, 741–42 (2007).

entity." *Fowler v. Howell,* 42 Cal.App.4th 1746, 1750 (1996). The California Legislature "included in the [Government] Claims Act what amounts to a requirement that ... one who sues a public employee on the basis of acts or omissions in the scope of the defendant's employment [must] have filed a claim against the public-entity employer pursuant to the procedure for claims against public entities." *Briggs v. Lawrence,* 230 Cal.App.3d 605, 612–13, 281 Cal.Rptr. 578 (1991) (citing Cal. Gov.Code §§ 911.2, 945.4, 950.2, 950.6(a)). In federal court, the failure to allege compliance with the Government Claims statutes with respect to a public employee will subject state law claims to dismissal. *Karim–Panahi v. Los Angeles Police Department,* 839 F.2d 621, 627 (9th Cir. 1988).

Therefore, in order to state a claim for any state law tort cause of action Plaintiff must plead facts showing compliance with the presentment requirements California Government Claims Act. Plaintiff has not pled compliance with CGCA presentment requirements so for any of her state commonlaw claims. This alone requires dismissal of Plaintiff's state commonlaw claims as to all defendants.

Additionally, California Government Code § 815(a) provides that a "public entity is not liable for an injury, whether such injury arises out of an act or omission of the public entity or a public employee or any other person," "[e]xcept as otherwise provided by statute." Certain statutes provide expressly for public entity liability in circumstances that are somewhat parallel to the potential liability of private individuals and entities, but the Claims Act's intent "is not to expand the rights of plaintiffs in suits against governmental entities, but to confine potential governmental liability to rigidly delineated circumstances." *Brown v. Poway Unified School Dist.,* 4 Cal.4th 820, 829, 15 Cal.Rptr.2d 679, 843 P.2d 624 (1993); *see Becerra v. County of Santa Cruz,* 68 Cal.App.4th 1450, 1457, 81 Cal.Rptr.2d 165 (1998) ("in absence of some constitutional requirement, public entities may be liable *only* if a statute declares them to be liable"); *Michael J. v. Los Angeles County Dept. of Adoptions,* 201 Cal.App.3d 859, 866, 247 Cal.Rptr. 504 (1988) ("Under the Act, governmental tort liability must be based on statute; all

common law or judicially declared forms of tort liability, except as may be required by state or

federal Constitution, were abolished.")

A Plaintiff must identify a statute which imposes direct liability by declaring the entity to

be liable or imposing some specific duty of care upon a defendant public entity. *Young v. City of*

*Visalia,* 687 F.Supp.2d 1155, 1164 (E.D. Cal. 2010) (*citing Eastburn v. Regional Fire*

*Proction Authority,* 31 Cal.4th 1175, 1183 (2003)); *see Munoz v. City of Union City,* 120

Cal.App.4th 1077, 1111 (2004). "In the absence of a constitutional requirement, public entities

may be held liable only if a statute (not including a charter provision, ordinance or regulation) is

found declaring them to be liable.... [T]he practical effect of this section is to eliminate any

common law governmental liability for damages arising out of torts." *Thompson v. City of Lake*

*Elsinore,* 18 Cal.App.4th 49, 62, 22 Cal.Rptr.2d 344 (1993).

Plaintiff has identified no specific provision permitting her to bring any of her

commonlaw claims for direct liability. The Court's own research has yielded not support for

Plaintiff's position. Accordingly, Plaintiff is unable to pursue the state common law claims for

intentional and negligent infliction of emotional distress, negligence, breach of contract, or

breach of covenant of good faith and fair dealing claims against the County, Mr. Ford in his

official capacity,[8] or the County CEO Risk Management Division. Amendment as to these

actions would be futile. Accordingly, this Court will dismiss these claims as to these defendants

without leave to amend. As to Mr. Ford in his capacity as an employee of the County Office of

the Treasure Collector, even if otherwise viable, Plaintiff could not allege a claim for negligent

supervision, breach of contract or breach of covenant of good faith and fair dealing against him

since he is not and was not Plaintiff's employer.

*1. Negligent infliction of emotional distress*

Plaintiff seeks damages for intentional and negligent infliction of emotional distress as to

all Defendants. Both claims are state law tort claims.

---

[8] Suits against officials in their official capacity are treated as suits against the entity. *See Hafer v. Melo*, 502 U.S. 21, 25 (1991).

"A claim of negligent infliction of emotional distress is not an independent tort but the tort of negligence to which the traditional elements of duty, breach of duty, causation and damages apply." *Wong v. Tai Jing,* 189 Cal.App.4th 1354, 1377, 117 Cal.Rptr.3d 747 (Ct.App.2010). Although Plaintiff alleges this cause of action against all defendants, Plaintiff's claim appears to mirror her FEHA claim alleging failure to provide a workplace free of discrimination. Such a claim could only be maintained against an employer. Plaintiff has identified no state statute, other than pursuant to FEHA, which imposes a duty upon the County to prevent discrimination.[9]

Further, Plaintiff has not pled any facts to support a breach of any assumed duty to her. Accordingly, she has not stated a claim for negligent infliction of emotional distress. Plaintiff's claim for negligent infliction of emotional distress will be dismissed without leave to amend.

### 2. Intentional infliction of emotional distress

Under California law, the elements of intentional infliction of emotional distress are "(1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct." *Alvarez v. Lake County Bd. Of Sup'rs,* 2010 WL 3619558, *12 (N.D. Cal. 2010) (quoting *Hughes v. Pair,* 46 Cal.4th 1035, 1050 (2009)); *see Martin v. California Dep't of Veterans Affairs*, 560 F.3d 1042, 1051 (9th Cir. 2009)(citation omitted). Conduct is deemed outrageous if it is "so extreme as to exceed all bounds of that usually tolerated in a civilized community." *Saridakis v. United Airlines,* 166 F.3d 1272, 1278 (9th Cir. 1999).

Plaintiff alleges that Defendants' conduct was extreme and outrageous, that Defendants either intended their conduct to cause emotional distress or acted in conscious disregard of the probability of causing distress, and that their conduct actually caused her such distress. Compl. at

---

[9] Plaintiff's claims against the individual employee defendants are appropriately maintained as intentional infliction of emotional distress claims. Discrimination is an intentional act and not the result of negligence. *Scott v. Solano Cnty. Health & Soc. Servs. Dep't,* 459 F. Supp. 2d 959, 972 (E.D. Cal. 2006)

¶¶ 38, 39. This claim is alleged against all defendants. However, the basis of this claim is unclear. Plaintiff has not alleged any specific conduct by any Defendant. Plaintiff could allege an indirect claim of IIED that would not be barred by California Government Code section 815 since that claim can be alleged against individual employees. *See* Cal. Gov. Code § 815.2(b); *Robinson v. Solano County*, 278 F.3d 1007, 1016 (9th Cir. 2002); *Bell v. University of California Davis Medical Center*, 2013 WL 1896318, *9 (E.D. Cal. 2013). Accordingly, although Plaintiff has not stated a claim for intentional infliction of emotional distress, amendment may not be futile. As such, this claim will be dismissed with leave to amend only as to the individual employee defendants.

### 3. Breach of contract and breach of the covenant of good faith and fair dealing

In California, public employment is held not by contract, but by statute. *Miller v. State of California,* 18 Cal.3d 808, 813 (1977); Scott v. Solano County Health & Soc. Servs. Dep't., 459 F.Supp.2d 959, 967 (E.D. Cal. 2006) (county employee employment is governed by statute). Relying on *Miller,* the California Supreme Court has made clear that civil service employees cannot state a cause of action for breach of contract or breach of the implied covenant of good faith and fair dealing. *Shoemaker v. Myers,* 52 Cal.3d 1, 23–24 (1990). This same general principle of law applies to civil service and non-civil service public employees alike. *Hill v. City of Long Beach,* 33 Cal.App.4th 1684, 1690, 40 Cal.Rptr.2d 125 (1995).

Plaintiff has pled that she was a public employee. The terms of her employment were governed by statute. Accordingly, she cannot state a cause of action for breach of contract or breach of an implied covenant of good faith and fair dealing. Amendment would be futile since the only Defendants against whom Plaintiff could allege this claim are public entities. This claim will be dismissed without leave to amend.

### 4. Negligence

Again, it is well-settled that there is no common law tort liability for public entities in California; instead, such liability must be based on statute. *See Miklosy v. Regents of Univ. of Cal.,* 44 Cal.4th 876, 899 (2008) ("section 815 abolishes common law tort liability for public

entities"); *see also Young v. City of Visalia,* 687 F.Supp.2d at 1164. In addition, California law does not provide a basis to hold a municipality directly liable for its alleged "negligence in the selection, training, retention, supervision, and discipline" of employees. *Munoz v. City of Union City,* 120 Cal.App.4th at 1112; The Ninth Circuit has held that California law does not support a cause of action against a public entity for negligent hiring or supervision. *See Estate of Mendoza-Saravia v. Fresno Cnty. Sheriff's Dep't,* 2010 WL 3069335 (E.D. Cal. 2010) (citing Van Ort. v. Estate of Stanewich, 92 F.3d 831, 840-841 (9th Cir. 1996)). As such, since Plaintiff advances a direct common law negligence claim against the County and Office of the CEO Risk Management Division, the claim fails as a matter of law. *See Universal By–Products, Inc. v. City of Modesto,* 43 Cal.App.3d 145 (1974) (stating there is "no common law liability of a public entity; liability is wholly statutory"); *Cardinal v. Buchnoff*, 2010 WL 3609489, *2 (S.D. Cal. 2010). Allowing amendment of this claim would be futile. This claim will therefore be dismissed without leave to amend.

*J. Violation of California Civil Code Section 52.3*

Plaintiff has alleged that California Civil Code section 52.3, part of what is commonly known as the Unruh Civil Rights Act, was violated by each of the defendants because they engaged in a practice of depriving plaintiff of her rights, privileges, and immunities as guaranteed under the laws of the State of California. The presentment requirements of the Government Claims Act, as discussed in *Section IV(D)*, *supra,* apply to any claim for damages against a public entity. Thus, as pled, those requirements would apply with equal force to this claim. Schneider v. Amador County, 2011 WL 3876015, *6 (E.D. Cal. 2011) *adopted by* 2011 WL 4766445 (E.D. Cal. 2011). Compliance with the presentment requirements has not been pled as required. This is an independent basis for dismissal.

California Civil Code section 52.3 provides as follows:

(a) No governmental authority, or agent of a governmental authority, or person acting on behalf of a governmental authority, shall engage in a pattern or practice of conduct by law enforcement officers that deprives any person of rights, privileges, or immunities secured or protected by the Constitution or laws of the United States or by the Constitution or laws of California.

> (b) The Attorney General may bring a civil action in the name of the people to obtain appropriate equitable and declaratory relief to eliminate the pattern or practice of conduct specified in subdivision (a), whenever the Attorney General has reasonable cause to believe that a violation of subdivision (a) has occurred.

Defendants have correctly noted that Plaintiff's complaint is unrelated to acts by law enforcement officers. Based on the limited factual basis pled and the identity of the Defendants, this statute cannot apply to any of the Defendants. The Court's own research has yielded no support for a claim pursuant to section 52.3 which is totally unrelated to law enforcement officers. Further, Plaintiff seeks monetary damages for the alleged violation of section 52.3 when subsection (b) specifically provides only equitable and declaratory relief as remedies. Finally, section 52.3 does not create a private right of action. *Scocca v. Smith*, 2012 WL 2375203, *8 (N.D. Cal. 2012). Subsection (b) clearly limits enforcement to an action by the Attorney General. *See* Cal. Civ. Code § 52.3; *Garcia v. City of Ceres,* 2009 U.S. Dist. LEXIS 16165, *30, 2009 WL 529886, *11 (E.D.Cal. 2009) (agreeing with defendants that a "section 52.3 claim is 'strictly for the Attorney General' " and "there is nothing to suggest that ... section 52.3 provides a private right of action"); *Akhtarshad v. City of Corona,* 2009 WL 362130, *7, n. 4 (C.D.Cal.2009) (stating that "[t]here is no private right of action to enforce California Civil Code § 52.3" and citing, in support subsection (b) referring to a suit by the Attorney General). As such, Plaintiff's claim fails as a matter of law. Amendment as to this claim would be futile.

Plaintiff's cause of action for violation of California Civil Code section 52.3 will be dismissed without leave to amend.

## IV. Order

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Defendants' motion to dismiss for failure to state a claim is GRANTED as follows:

   a. Plaintiff's first, second, third, and fourth causes of action will all be dismissed *with* leave to amend;

    b.  Plaintiff's fifth cause of action will be dismissed with leave to amend only as to the individual (non-public entity) defendants;

    c.  Plaintiff's sixth, seventh, eighth, ninth, and tenth causes of action will be dismissed *without* leave to amend;

2.  Defendants' motion for more definite statement is DENIED as moot.

3.  Plaintiff may file an amended complaint, as permitted above, within sixty days of the date of this order. Any amended complaint must truthfully cure the defects identified in this order. Plaintiff is reminded that she must plead specific facts, not simply recite legal conclusions. Failure to timely file a second amended complaint in accordance with this order will result in dismissal of the action.

IT IS SO ORDERED.

Dated: __May 13, 2014__        _____

                      SENIOR  DISTRICT  JUDGE