# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOVEADA FRESQUEZ,<br><br>  Plaintiff,<br><br>  v.<br><br>COUNTY OF STANISLAUS, et al.,<br><br>  Defendants. | Case No.  1:13-cv-01897-AWI-SAB<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSING ACTION FOR FAILURE TO PROSECUTE<br><br>FOURTEEN-DAY DEADLINE |

**I.**

**PROCEDURAL HISTORY**

On November 22, 2013, Defendants removed this action from the Superior Court of California for the County of Stanislaus to the Eastern District. (ECF No. 1.) Defendants filed a motion to dismiss on November 27, 2013. (ECF No. 6.) On May 14, 2014, District Judge Anthony Ishii issued an order dismissing Plaintiff's complaint and requiring Plaintiff to file a first amended complaint within thirty days. (ECF No. 18.) Plaintiff was granted an extension of time to September 1, 2014 to file her amended complaint. (ECF No. 20.) Plaintiff did not file an amended complaint in compliance with the Court's orders.

**II.**

**DISCUSSION**

The Court has the inherent power to control its docket and may, in the exercise of that

power, impose sanctions where appropriate, including dismissal of the action. Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000). In determining whether to dismiss an action for failure to comply with a pretrial order, the Court must weigh "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d 1217, 1226 (9th Cir. 2006) (internal quotations and citations omitted). These factors guide a court in deciding what to do, and are not conditions that must be met in order for a court to take action. Id. (citation omitted).

In the instant action, Plaintiff has been granted more than sixty days in which to file an amended complaint and has failed to comply with the Courts' orders. The public interest in expeditious resolution of litigation weighs in favor of dismissal.

This action can proceed no further with the cooperation of Plaintiff, and due to Plaintiff's failure to comply with the Courts' orders; there is currently no pleading on file on which this action may proceed forward. The Court's need to manage its docket also weighs in favor of dismissal.

A presumption of injury arises from unreasonable delay in prosecuting an action. In re Phenylpropanolamine, 460 F.3d at 1227; Anderson v. Air West, Inc., 542 F.2d 522, 524 (9th Cir. 1976). Due to Plaintiff's failure to prosecute this action, the risk of prejudice to Defendants weighs in favor of dismissal of this action.

Here, Plaintiff's failure to file an amended complaint in compliance with the Courts' orders has prevented this action from moving forward. While public policy favors deciding cases on their merits, this factor gives little support where the party whose responsibility it is to move the case forward impedes the progress of the action. In re Phenylpropanolamine, 460 F.3d at 1228.

Plaintiff was warned in the May 14, 2014 order that her failure to file an amended complaint in compliance with the Courts' order would result in this action being dismissed. Estrada v. Speno Cohen, 244 F.3d 1050, 1057 (9th Cir. 2001). A court's warning to a party that

her failure to obey the court's order will result in the action being dismissed can satisfy the requirement that the court consider alternative sanctions. Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). Plaintiff has been granted an opportunity to correct the deficiencies in the complaint, but has failed to file an amended complaint that complies with the orders issued by the court, despite being granted two opportunities. Plaintiff has had adequate warning that this action would be dismissed for failure to comply with the Courts' orders.

### III.

### CONCLUSION AND RECOMMENDATION

Plaintiff has failed to file an amended complaint in compliance with the orders of the Court.

Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed for failure to prosecute.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. Within fourteen (14) days of service of this recommendation, any party may file written objections to these findings and recommendations with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the district judge's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **September 5, 2014**

UNITED STATES MAGISTRATE JUDGE